UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:09-cv-1331 ) (Judge Conner) ) |
| SEAN NATHAN HEALY, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| SHALESE RANIA HEALY and SAND DOLLAR INVESTING PARTNERS, LLC, | ) ) ) ) |
| Relief Defendants. | ) ) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
<u>AGAINST RELIEF DEFENDANT SHALESE RANIA HEALY</u>**

Pursuant to Federal Rule of Civil Procedure 56, plaintiff U.S. Commodity Futures Trading Commission (CFTC) respectfully submits this Motion for Summary Judgment Against Relief Defendant Shalese Rania Healy (Shalese Healy).

1.   Sean Healy committed fraud.  He signed the Consent Order of Permanent Injunction, Disgorgement, Civil Monetary Penalty, and Equitable Relief

1

Against Defendant Sean Nathan Healy and Relief Defendant Sand Dollar Investing Partners, LLC [D.E. 96] (Consent Order) in which he admitted committing fraud in connection with futures and options contracts.  He pleaded guilty to fraud in a criminal action brought in the U.S. District Court for the Middle District of Pennsylvania (Criminal No. 1:09-cr-00319-SHR) and is now in prison for his crime.

2. Shalese Healy is Sean Healy's wife.  She received $14,637,000 in ill-gotten funds from Sean Healy's commodities-related fraud.  All these funds came from defrauded investors and, at Sean Healy's direction, went through Shalese Healy's Bank of America account, over which she had sole signatory authority.  Shalese Healy used funds from defrauded investors for all the things she purchased—including the Healys' home in Weston, Florida, as well as the home's fixtures, improvements, and renovations—from January 2005 to at least the time the CFTC filed its Complaint on July 13, 2009.

3. Shalese Healy does not have a legitimate claim to the defrauded investors' funds.  For at least the five years preceding her August 20, 2009 deposition in this matter, Shalese Healy had no legal source of income and had no legal employment—making it abundantly clear that she had not earned any of the funds from the defrauded investors.

4. Because Shalese Healy has received $14,637,000 in ill-gotten funds and does not have a legitimate claim to those funds, she must disgorge those funds.

5. There is no genuine issue of material fact as to any of the elements underlying Shalese Healy's relief defendant liability, and the CFTC is entitled to judgment as a matter of law. The orchestrator of the fraud admitted his guilt, as well as all the facts necessary to support summary judgment against Shalese Healy.

6. Further, Shalese Healy was deposed in this matter, and she asserted her privileges against self-incrimination under the Fifth Amendment of the U.S. Constitution and under Article I, Section IX of the Florida Constitution in response to all substantive questions posed to her. The Court can, and should, draw an adverse inference from Shalese Healy's assertion of the Fifth Amendment and assume that her testimony would have been unfavorable to her case. *See, e.g., Baxter v. Palmigiano*, 425 U.S. 308 (1976); *SEC v. Colello*, 139 F.3d 674, 677-78 (9th Cir. 1998). "Parties are free to invoke the Fifth Amendment in civil cases, but the court is equally free to draw adverse inferences from their failure of proof." 139 F.3d at 677 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976)).

7. Similarly, in response to each of the allegations in the CFTC's Complaint, Shalese Healy invoked her privileges against self-incrimination under the Fifth Amendment of the U.S. Constitution and under Article I, Section IX of the Florida Constitution, and the Court can, and should, draw an adverse inference

from Shalese Healy's assertion of the Fifth Amendment in response to the allegations in the CFTC's Complaint and assume the allegations admitted.

8. For these reasons and those stated in more detail in the accompanying Memorandum in support, which is being filed contemporaneously herewith, plaintiff CFTC respectfully requests that the Court enter an order granting summary judgment against Shalese Healy. A proposed Order is being submitted separately.

Respectfully submitted,

/s/ Charles D. Marvine
Charles D. Marvine
Missouri Bar No. 44906
U.S. Commodity Futures Trading Commission
Division of Enforcement
Two Emanuel Cleaver II Blvd., Suite 300
Kansas City, MO  64112
816-960-7743 (Marvine)
816-960-7750 (fax)
cmarvine@cftc.gov

ATTORNEY FOR PLAINTIFF

Dated:  December 3, 2010

## M.D. Pa. L.R. 7.1 Certification

Counsel for the CFTC certifies that he has conferred with Shalese Healy regarding the relief sought in this motion and that she does not concur.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of December 2010, I electronically filed the foregoing document with the Clerk using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF:

Jeffrey L. Cox
SALLAH & COX, LLC
2101 N.W. Corporate Boulevard
Suite 218
Boca Raton, Florida 33431
E-mail: jcox@sallahcox.com,
C*ounsel for Sean Healy*

Kenneth Dante Murena, Esq.
DAMAN & VALORI LLP 1000
Brickell Avenue Suite 1020
Miami, FL 33130 Telephone
No: (305) 371-3960
E-mail: kmurena@dvllp.com
*Counsel for Receiver*

Stephen C. Goldblum, Esq.
SEMANOFF, ORMSBY, GREENBERG, & TORCIA, LLC
2617 Huntingdon Pike
Huntingdon Valley, PA 19006
Telephone No: (215) 887-0200
E-mail: sgoldblum@sogtlaw.com
*Co-Counsel for Receiver*

  I HEREBY FURTHER CERTIFY that on this 3rd day of December 2010, I served via overnight UPS delivery and email the foregoing on

Shalese Healy
1830 Radius Drive, #1323
Hollywood, Florida  33020
*Pro Se Relief Defendant*

                <u>/s/ Charles D. Marvine</u>