IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | : : | CIVIL ACTION NO. 1:09-CV-1331 |
| Plaintiff | : : | (Judge Conner) |
| v. | : : | |
| SEAN NATHAN HEALY, Defendant | : : : | |
| and | : : | |
| SHALESE RANIA HEALY and SAND DOLLAR INVESTING PARTNERS, LLC, Relief Defendants | : : : : | |

## MEMORANDUM

The U.S. Commodity Futures Trading Commission (the "CFTC") brings this action against defendant Sean Nathan Healy ("Mr. Healy") and relief defendants Shalese Rania Healy ("Mrs. Healy") and Sand Dollar Investing Partners, LLC ("Sand Dollar"). The CFTC alleges that Mr. Healy defrauded approximately 44 investors, who gave Mr. Healy funds to invest in commodity futures contracts and commodity options contracts, and that Mr. Healy misappropriated the investors' funds. (Doc. 1 ¶¶ 1-2). The CFTC further alleges that Mrs. Healy and Sand Dollar received ill-gotten gains as a result of Mr. Healy's fraud. (Id. ¶ 9). Presently before the court is the CFTC's motion (Doc. 121) for summary judgment against Mrs. Healy. For the reasons that follow, the motion will be granted.

I.  **Statement of Facts and Procedural History**[1]

Mr. Healy described himself as a day trader of futures, options, and securities, although he was never registered with the CFTC in any capacity. (Doc. 123 ¶ 1). In or around April of 2008, Mr. Healy contacted an acquaintance of his, Alfred L. Madeira ("Madeira"), and he convinced Madeira to invest funds with him. (Doc. 123 ¶¶ 3-4). In the summer of 2008, Madeira arranged for approximately $1.2 million to be placed in a Bank of America account controlled by Mrs. Healy,[2] with the intent that Mr. Healy would use the funds to purchase certain futures and options contracts on Madeira's behalf. (Doc. 123 ¶ 5). Mr. Healy's representations to Madeira during the summer of 2008 indicated that Mr. Healy executed trades on Madeira's behalf, which yielded significant profits. (Doc. 123 ¶¶ 6-7, 10-11).

At some point thereafter, Mr. Healy and Madeira discussed additional investments to be made by Madeira and by third parties. (Doc. 123 ¶ 9). Madeira and his attorney, Thomas Ahrens ("Ahrens"), and other acquaintances and associates of theirs (collectively, the "Madeira investors"), raised an additional sum,

---

[1] The standard of review for a motion for summary judgment calls for the court to present the facts in the light most favorable to the nonmoving party. See infra Part II. In the instant case, the nonmoving party has failed to oppose the instant motion, as discussed infra note 2. Hence, the facts set forth by the CFTC are entirely undisputed. The court will summarize these undisputed facts.

[2] Mrs. Healy had sole signatory authority over the Bank of America account where all of the Madeira investors' funds were deposited. (Doc. 123 ¶ 2). The CFTC alleges that Mr. Healy maintained virtually all of his assets in his wife's name. (Doc. 123 ¶ 2).

approximately $13.4 million, and placed those funds in Mrs. Healy's Bank of America account, as Mr. Healy directed. (Doc. 123 ¶ 3, 12, 20).

Mr. Healy's representations to Madeira concerning the funds were false. (Doc. 123 ¶¶ 19-21). In fact, neither Mr. Healy nor Sand Dollar conducted any futures or options trading with the funds, nor did Mr. Healy ever transfer the funds to any brokerage or commodities trading firm; rather, he misappropriated the funds for personal use. (Doc. 123 ¶¶ 9, 19-21). Mr. and Mrs. Healy used funds from Mrs. Healy's Bank of America account for many personal purchases, including a $2.4 million home, approximately $2 million in furnishings and home improvements, approximately $1.4 million in jewelry, gold bullion, luxury vehicles, and other items. (Doc. 123 ¶ 120). The CFTC alleges that all of the funds in Mrs. Healy's account were Mr. Healy's ill-gotten funds, because Mrs. Healy had no other sources of income apart from her husband (Doc. 123 ¶ 2).

On July 12, 2009, the CFTC filed the instant suit against Mr. Healy. (See Doc. 1). The CFTC named Mrs. Healy and Sand Dollar as relief defendants because it alleged that, through Mr. Healy's conduct, they received ill-gotten funds to which they had no legitimate claim. Hence, the CFTC included Mrs. Healy and Sand Dollar in the above-captioned action in order to facilitate complete relief.

On June 18, 2010, the CFTC, with the concurrence of all parties, moved for approval of a consent order which resolved the CFTC's action against both Mr.

Healy and Sand Dollar.[3]  (See Doc. 94).  The court granted its approval and issued the consent order on June 22, 2010.  (See Docs. 95-96).  The CFTC thereafter filed the instant motion (Doc. 121) for summary judgment against Mrs. Healy, asserting that the case presents no genuine issues of material fact and that it is entitled to judgment as a matter of law.  More specifically, the CFTC requests that this court order Mrs. Healy to pay disgorgement in the amount of $14,637,000, plus post-judgment interest.  The CFTC notes that Mrs. Healy's disgorgement obligation should be joint and several with the disgorgement obligation imposed upon Mr. Healy and Sand Dollar by the consent order.  Mrs. Healy failed to oppose the CFTC's motion.[4]  The motion is now ripe for review.

## II. Standard of Review

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact," and for which a jury trial would be an empty and unnecessary formality.  See FED. R. CIV. P. 56(a).  It places the burden on the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief.  Pappas v.

---

[3] In the consent order, Mr. Healy admitted the facts described in this opinion. Mr. Healy also pleaded guilty to wire fraud in a criminal action before another judge in the U.S. District Court for the Middle District of Pennsylvania. See USA v. Healy, No. 1:09-CR-00319-SHR.

[4] In an order dated January 5, 2011 (Doc. 124), the court ordered Mrs. Healy to file a brief in opposition to the pending motion on or before January 21, 2011, and it warned that failure to comply would result in the pending motion being deemed unopposed. As of the date of this memorandum and order, no such brief has been filed. The motion (Doc. 121) is therefore deemed unopposed.

City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(c), (e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(a), (c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

### III. Discussion

A district court may impose a disgorgement obligation upon a relief defendant when it finds that the relief defendant "(1) is in possession of ill-gotten funds and (2) lacks a legitimate claim to those funds." CFTC v. Walsh, 618 F.3d 218, 225 (2d Cir. 2010) (citing SEC v. Cavanagh, 155 F.3d 129, 136 (2d Cir. 1998)); see also SEC v. George, 426 F.3d 786, 798 (6th Cir. 2005); CFTC v. Kimberlynn Creek Ranch, Inc., 276 F.3d 187, 192 (4th Cir. 2002). In this case, the undisputed evidence shows that Mrs. Healy received ill-gotten funds totaling $14,637,000, and that she has no legitimate claim to said funds.

As a result of Mr. Healy's fraudulent scheme, a total of $14,637,000 was deposited into Mrs. Healy's Bank of America account. (See Doc. 123 ¶¶ 3, 5, 12, 20; see also Doc. 96 ¶ 54). These funds were ill-gotten, and Mrs. Healy lacks any legitimate claim to them. Mrs. Healy has failed to come forward with evidence refuting the CFTC's allegations; hence, there are no genuine disputes of material fact. Furthermore, the CFTC is entitled to the relief it has requested—an order

directing Mrs. Healy to disgorge the ill-gotten funds—on the basis of the court's findings above. The court will therefore grant the CFTC's motion for summary judgment against Mrs. Healy.

The CFTC has also requested that the court appoint the National Futures Association (NFA) as monitor, to collect Mrs. Healy's disgorgement payments and facilitate distribution of disgorged funds to the investors. The court notes that the terms of this requested appointment are consistent with the terms set forth in ¶ 61 of the consent order (Doc. 96), which applies to Mr. Healy and Sand Dollar. The court will grant the CFTC's request to apply these same terms to the judgment against Mrs. Healy.

**IV.   Conclusion**

Summary judgment is warranted, because there are no genuine issues of material fact in the instant case, and the CFTC has established that it is entitled to judgment as a matter of law. Therefore, the court will grant the CFTC's motion for summary judgment. The court will also grant the CFTC's request to appoint the NFA as monitor.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       April 26, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. COMMODITY FUTURES** : | **CIVIL ACTION NO. 1:09-CV-1331** |
| **TRADING COMMISSION,** : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| **v.** : | |
| : | |
| **SEAN NATHAN HEALY**, : | |
| **Defendant** : | |
| : | |
| **and** : | |
| : | |
| **SHALESE RANIA HEALY and** : | |
| **SAND DOLLAR INVESTING** : | |
| **PARTNERS, LLC,** : | |
| **Relief Defendants** : | |

## **ORDER**

AND NOW, this 26th day of April, 2011, upon consideration of the motion (Doc. 121) for summary judgment against relief defendant Shalese Rania Healy, filed by the U.S. Commodity Futures Trading Commission (the "CFTC"), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. The CFTC's motion for summary judgment (Doc. 121) is GRANTED.

2. Relief defendant Healy shall pay disgorgement in the amount of $14,637,000, plus post-judgment interest. This disgorgement is immediately due and owing and shall be paid in the manner set forth in the attached schedule.

3. The National Futures Association (NFA) is appointed as monitor, as set forth in the attached schedule.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

### Schedule A to Order Granting Summary Judgment
### Against Relief Defendant Shalese Rania Healy

1. Relief defendant Shalese Healy's disgorgement obligation is joint and several with the disgorgement obligation imposed on defendant Sean Healy in the June 22, 2010 Consent Order (Doc. 96).

2. Post-judgment interest shall accrue beginning on the date of entry of this order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this order, pursuant to 28 U.S.C. § 1961(a).

3. On July 13, 2009, Melanie E. Damian, Esquire, was appointed receiver for the estate of defendant Sean Healy and for certain assets of relief defendants Shalese Healy and Sand Dollar Investing Partners, LLC. The receiver, to date, has marshaled over $3.4 million in cash and is in the process of liquidating additional property, for the benefit of the receivership estate, held in the names of defendant and relief defendants. The funds derived from the sale or liquidation of these assets, along with any interest earned on those funds, should be returned to defendant's investors (less any court-approved fees and expenses incurred or to be incurred by the receiver), and shall satisfy, in full or in part, defendant's and relief defendants' disgorgement obligations as set forth in Part V.B. of the Consent Order and the order to which this schedule is attached. The court orders that these funds be distributed to defendant's investors pursuant to and consistent with the distribution plan approved by this court (see Doc. 120). Relief defendant Shalese Healy's rights, if any, to these funds, or to any other assets of the receivership estate, are hereby extinguished.

4. To effect payment by relief defendant Shalese Healy and distribution of disgorgement, the court orders that any funds obtained pursuant to this order be distributed to defendant's investors pursuant to and consistent with the receiver's distribution plan approved by this court (Doc. 120). This distribution plan addresses not only amounts owed to investors as part of the fraudulent scheme alleged in the instant case, but also amounts owed to investors has part of the fraudulent scheme alleged by the SEC in SEC v. Healy, Case No. 1:09-CV-1330. The receiver was appointed in both cases.

5. To effect payment of relief defendant Shalese Healy's remaining disgorgement obligation after the termination of the receivership (to the extent such disgorgement has not already been satisfied), and to effectuate the distribution of any disgorgement paid by relief defendant Shalese Healy after the termination of the receiver's duties, the court appoints the National Futures Association (NFA) as monitor, to be effective immediately upon any order entered by this court terminating the receiver's duties. The monitor shall collect disgorgement payments from relief defendant Shalese Healy and make distributions as set forth below. Because the monitor is not being specifically compensated for these services, and these services are outside the normal duties of the monitor, NFA shall not be liable for any action or inaction arising from NFA's appointment as monitor, other than actions involving fraud.

6. Relief defendant Shalese Healy shall make any required disgorgement payments to the monitor in the name of "Healy Disgorgement Fund" and shall send such disgorgement payments by electronic funds transfer, to by U.S. postal money order, certified check, bank cashier's, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under cover of a letter that identifies Shalese Healy as the payer, the name and docket number of the instant case, and the name of this court. Shalese Healy shall simultaneously transmit copies of the cover letter and form of payment to: (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581, and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581.

7. The monitor shall distribute funds to the investors identified by the receiver in an equitable manner as determined by the monitor. The monitor shall oversee the distribution of funds of the disgorgement obligation and shall have the discretion to defer distribution until such time as it may deem appropriate. In the event that the amount of disgorgement payments made by relief defendant Shalese Healy to the monitor is of a de minimus nature, such that the monitor determines that the administrative costs of making a distribution to investors is impractical, the monitor may, in its discretion, treat such disgorgement payments as a civil monetary penalty payment on behalf of defendant Sean Healy (see Doc. 96 ¶ 65), which the monitor shall forward to the CFTC following the instructions for the civil monetary penalty obligation as set forth in the consent order (see Doc. 96 ¶ 68).