IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** | : | **CIVIL ACTION NO. 1:09-CV-1330** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **SEAN NATHAN HEALY,** | : | |
| Defendant | : | |
| and | : | |
| **SHALESE RANIA HEALY and SAND DOLLAR INVESTING PARTNERS, LLC,** | : | |
| Relief Defendants | : | |

---

| | | |
|---|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** | : | **CIVIL ACTION NO. 1:09-CV-1331** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **SEAN NATHAN HEALY,** | : | |
| Defendant | : | |
| and | : | |
| **SHALESE RANIA HEALY and SAND DOLLAR INVESTING PARTNERS, LLC,** | : | |
| Relief Defendants | : | |

**ORDER**

AND NOW, this 2nd day of March, 2012, upon consideration of the motions to approve final distribution to claimants with allowed claims, motion for an order authorizing payment of outstanding and remaining fees and expenses, and motion

to discharge the Receiver (SEC v. Healy, Civ. A. No. 1:09-CV-1330 (M.D. Pa. filed July 12, 2009) [hereinafter Case No. 1330], Doc. 148; U.S. Commodity Futures Trading Comm'n v. Healy, Civ. A. No. 1:09-CV- 1331 (M.D. Pa. filed July 12, 2009) [hereinafter Case No. 1331], Doc. 151), filed by the court-appointed Receiver, Melanie E. Damian, Esq. (the "Receiver"); and the defendant and/or relief defendants having been ordered to file, on or before February 21, 2012, briefs in opposition to the motions (Case No. 1330, Doc. 149; Case No. 1331, Doc. 152), lest the motions be deemed unopposed per Local Rule 7.6; and it appearing that, to date, no brief in opposition to either motion (Case No. 1330, Doc. 148; Case No. 1331, Doc. 151) has been filed, it is hereby ORDERED that:

1. The motions (Case No. 1330, Doc. 148; Case No. 1331, Doc. 151) are DEEMED unopposed.  See L.R. 7.6.

2. The motions (Case No. 1330, Doc. 148; Case No. 1331, Doc. 151) are GRANTED.  The court hereby approves the final distributions, payment of fees and costs, and other further requested relief as follows:

    a. Final distributions of $288,000 to the Madeira Group and $32,000 to Thomas Wright, Sr., are authorized;

    b. The Receiver is authorized to pay the previously approved fees incurred by her and her counsel through October 31, 2011, such fees being $126,124.90 to Damian & Valori, LLP, and $3,677.75 to Semanoff Ormsby Greenberg & Torchia, LLC ("Semanoff Ormsby");

2

 c. The Receiver is authorized to pay the fees that she, her counsel, and her accountant incurred from November 1, 2011, through February 2, 2012, being the date the motions were filed, such fees being $17,738.57 to Damian & Valori, LLP, $253.12 to Semanoff Ormsby, and $2,390.00 to Yeend, Castaneda & Flynn, LLP;

 d. The Receiver is authorized, without further Order of this Court, to:

  (i) pay the remaining fees and costs, up to $2,500, that she and her counsel incurred from the date of the motions to the conclusion of the Receivership;

  (ii) make a pro rata distribution of any remaining funds, 90% to go to the Madeira Group and 10% to go to Thomas Wright, Sr.; and

  (iii) assign all rights under the Settlement and Release Agreement with the Masaros to Damian & Valori, LLP, so that Damian & Valori, LLP may collect the settlement proceeds and apply it to its remaining fees and expenses, and distribute any excess funds to the allowed claimants;

 e. The Receiver is discharged, and the court commends the Receiver for her thorough, diligent, and professional efforts;

 f. All of the acts and transactions that the Receiver and her counsel made during the Receiver's administration are ratified, confirmed, and approved as being correct, proper, and in the best interest of both the Receivership Estate and the parties to this action; and

 g. The following individuals and entities are hereby held harmless from and relieved of any and all liabilities associated with the Receivership activities: the Receiver; her counsel, being the firms Damian & Valori, LLP and Semanoff Ormsby, as well as the individual attorneys associated therewith.

3.  The Clerk of Court is directed to CLOSE the case.

          <u>S/ Christopher C. Conner</u>
          CHRISTOPHER C. CONNER
          United States District Judge